Case 7:18-cv-00932-KMK-PED   Document 47   Filed 07/16/21   Page 1 of 2

Copies mailed 7/19/21
Chambers of Judge Davison

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

7/19/21

LETITIA JAMES
ATTORNEY GENERAL

CRIMINAL APPEALS AND
FEDERAL HABEAS CORPUS BUREAU

July 16, 2021

**BY ECF**

Honorable Paul E. Davison
United States Magistrate Judge
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

    Re:   *Wayne James v. McCulloch*,
           No. 7:18-cv-00932-KMK-PED

Your Honor:

    I represent the respondent in the above-referenced habeas corpus matter pursuant to 28 U.S.C.§ 2254. Petitioner challenges his civil confinement pursuant to a February 27, 2015 order by the Westchester Supreme Court, finding that he should be confined for treatment under New York's sex-offender civil management provisions, New York Mental Hygiene Law Article 10. On June 25, 2018, respondent answered the petition.[1] I write to respectfully request that this Court order respondent to re-file a redacted version of his response to the petition in a restricted-access mode via ECF.

    This application follows a request from chambers to re-file a redacted version of the response. I seek a court order directing the re-filing to ensure compliance with state law. The response contains extensive information about petitioner's medical history. In addition, it contains materials that identify a victim of petitioner's sex crimes by name, address, and other details. Although I have redacted identifying information where possible from these documents, it is not possible to obscure the victim's identity entirely. New York law makes the

---

[1] Pursuant to this Court's order of June 22, 2018, the response was filed under seal. (Dkt. No. 17.)

Hon. Paul E. Davison
July 16, 2021
Page 2 of 2

identity of the victim of a sex crime confidential, and prohibits state employees from disclosing any document that tends to identify such a victim, except under specific circumstances. *See* Civil Rights Law § 50-b(1). Moreover, case-law interpreting analogous state statutes suggests that redacted versions of confidential original documents are themselves confidential under state law. *Cf. NYCLU v. NYPD*, 32 N.Y.3d 556 (2018) (police department could not "sidestep" statutory confidentiality of police personnel files by creating redacted versions of files for disclosure). Unlike Federal Rule of Civil Procedure 5.2(c), Civil Rights Law § 50-b contains no provision permitting disclosure of documents within its scope to an electronic system with restricted remote access. Thus, Civil Rights Law § 50-b prohibits me from disclosing either the response to the petition or any version of the response that I have redacted unless a statutory exception applies.

The exception that permitted me to file the response initially—in response to this Court's order directing respondent to answer the petition—allows state employees to disclose confidential materials where necessary for the lawful discharge of their duties. Civil Rights Law § 50-b(2)(a). To avoid any question about whether that statutory exception applies to my re-filing of the response, I respectfully request that this Court order respondent to electronically re-file his response to the petition, with appropriate redactions to obscure the victim's identity to the extent practical, in a restricted-access mode. Because I previously served petitioner with both an unredacted version of the response as well as a version with identical redactions in 2018, I do not intend to re-serve these items upon him unless this Court specifically orders otherwise.

Respectfully submitted,

/s/
James F. Gibbons
Assistant Attorney General

cc:  Wayne James
     STARC Oakview Campus
     P.O. Box 300
     9005 Old River Road
     Marcy, New York 13403-0300
     (by U.S. Mail)

SO ORDERED:

Hon. Paul E. Davison
United States Magistrate Judge
7/16/21

2