Copies mailed 8/3/21
Chambers of Judge Davison

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/3/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
WAYNE C. JAMES,

                Petitioner,

     -against-

DANIELLE DILL, Executive Director,[1]

               Respondent.
------------------------------------------------------X

**DECISION AND ORDER**

18 Civ. 0932 (KMK) (PED)

**PAUL E. DAVISON, U.S.M.J.:**

On or about January 29, 2018, *pro se* petitioner Wayne C. James filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his continued confinement at Central New York Psychiatric Center. Dkt. #1. On April 13, 2020, petitioner filed an Amended Petition (Dkt. #36) without leave of the court. He filed a Second Amended Petition on November 4, 2020, again without leave of the court.[2] I construe the Amended Petition and Second Amended Petition as applications for leave to amend. By letter dated April 5, 2021, James sought leave to amend. Dkt. #42. Petitioner's applications for leave to amend are before me pursuant to an Order of Reference dated February 16, 2018 (Dkt. #5). For the reasons that follow, petitioner's applications are **DENIED**.[3]

---

[1] Danielle Dill, Psy.D., is now the Executive Director of Central New York Psychiatric Center and is substituted for former Executive Director Deborah McCulloch as the Respondent in this action, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2] The Second Amended Petition appears on the docket without an assigned docket number. On February 3, 2021, James filed a letter and attached a copy of his "proposed" Second Amended Petition. Dkt. #39.

[3] A Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) is not required because denial of plaintiffs' motion to amend is not dispositive of any existing claims. *See Jean-*

Under Federal Rule of Civil Procedure 15(a)(2), the Court "should freely give leave [to amend] when justice so requires." Notwithstanding this ordinarily lenient standard, the "denial of leave to amend has long been held proper" for reasons such as "undue delay, bad faith, dilatory motive, and futility." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015). "[I]t is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).

Here, petitioner's proposed amendments would be futile. James seeks habeas relief on one ground: he claims that his parole hearing was unlawful and, therefore, his civil confinement violates Due Process because he was a parolee and not a "detained sex offender" at the time the State initiated civil management proceedings. For reasons stated in a Report and Recommendation to Judge Karas, issued contemporaneously with this Decision and Order, James's claim is plainly meritless. His proposed amendments raise no new claims; James proffers additional information which purportedly supports his allegation that his parole revocation was improper. However, the newly proffered information does not alter James's misunderstanding of state law which anchors his habeas claim (and renders it meritless).

---

*Laurent v. Wilkerson*, 461 F.App'x 18, 25-26 (2d Cir. 2012) (Report and Recommendation required where Magistrate Judge granted plaintiff's motion to file a second amended complaint to the extent it did not contain any state law claims, which amounted to dismissal of plaintiff's existing state law claims that had survived a motion to dismiss); *see also, e.g., Erdogan v. Nassau County*, No. 10-CV-05837, 2014 WL 1236679, at *1 (E.D.N.Y. Mar. 25, 2014) (Memorandum and Order denying plaintiff's motion to amend the complaint to add two additional defendants); *In re Mission Constr. Litig.*, Nos. 10 Civ. 4262, 10 Civ. 9344, 11 Civ. 1565, 2013 WL 4710377, at *1 (S.D.N.Y. Aug. 30, 2013) (Opinion and Order denying motion to join a defendant and file a second amended complaint).
  Copies of all unpublished cases available only in electronic form cited herein have been mailed to petitioner. *See Lebron v. Sanders*, 557 F.3d 76, 78 (2d Cir. 2009).

Accordingly, James's applications for leave to amend are **DENIED**.

Dated: August 3, 2021
       White Plains, New York

**SO ORDERED.**

_____
PAUL E. DAVISON, U.S.M.J.

Chambers mailed copies of this Decision and Order to:

Wayne C. James C#127873
STARC Oakview Campus
P.O. Box 300
9005 Old River Road
Marcy, NY 13403-0300